Dana L. Sullivan
Oregon Bar No. 944834
**BUCHANAN ANGELI**
**ALTSCHUL & SULLIVAN LLP**
921 SW Washington Street, Suite 516
Portland, Oregon 97205
Telephone:     503.974.5015
Facsimile:      971.230.0337
Email:          dana@baaslaw.com

Michael A. Josephson (*pro hac vice forthcoming*)
Andrew W. Dunlap (*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:     713.352.1100
Facsimile:      713.352.3300
Emails:         mjosephson@mybackwages.com
               adunlap@mybackwages.com

Richard J. (Rex) Burch (*pro hac vice forthcoming*)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:     713.877.8788
Email:          rburch@brucknerburch.com

*Attorneys for Enriquez and*
*the Hourly Plus Employees*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| CHRISTIAN ENRIQUEZ, Individually and for Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>SUNDT CONSTRUCTION, INC.,<br><br>     Defendant. | Civil No. _____<br><br>**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);** |

**(2) Failure to Pay Overtime Wages (Oregon Revised Statutes, ORS § 653.261 and OAR 839-020-0030).**

**(3) Penalty for Late Final Pay (Oregon Revised Statutes, ORS § 651.140).**

**DEMAND FOR JURY TRIAL**

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Christian Enriquez brings this class and collective action to recover unpaid wages and other damages from Sundt Construction, Inc.

2.      Sundt employed Enriquez as one of its Hourly Plus Employees (defined below).

3.      Sundt paid Enriquez and the other Hourly Plus Employees, according to its "hourly plus pay scheme."

4.      Under this hourly plus pay scheme, Sundt pays Enriquez and the other Hourly Plus Employees base hourly rates of pay plus hourly differentials, as well as additional cash pay each pay period.

5.      Sundt labels these hourly differentials as "Cash Fringe" and additional cash pay as "Wellness EE."

6.      This hourly differential pay and additional cash pay are compensation for hours worked by the Hourly Plus Employees.

7.      But when Enriquez and the other Hourly Plus Employees work more than 40 hours in a workweek, Sundt intentionally excludes the hourly shift differentials and additional cash pay from their regular rates of pay for the purpose of calculating overtime pay.

8.      Thus, Enriquez and the other Hourly Plus Employees paid under Sundt's hourly plus pay scheme are not paid overtime based upon their true regular rates of pay.

9.      The hourly differential pay and additional cash pay must be included in calculating Enriquez's and the other Hourly Plus Employees' regular rates under the Fair Labor Standards Act (FLSA) and Oregon law. *See* 29 U.S.C. § 207(e) and ORS 653.412(7).

10.     The hourly differential pay and additional cash pay are not payments made for periods where no work is performed due to vacation, holiday, or illness, nor for expenses incurred, nor are they contributions irrevocably made to a trustee or third person under a bona fide plan for providing old-age, retirement, life, accident, or health insurance or similar benefits for employees.

11.     Sundt's hourly plus pay scheme violates the FLSA and Oregon law by depriving Enriquez and the other Hourly Plus Employees of overtime pay at rates not less than 1.5 times their regular rates of pay – based on all remuneration – for hours worked in excess of 40 a workweek.

12.     Likewise, Sundt's hourly plus pay scheme violates Oregon law by depriving Enriquez and the other Hourly Plus Employees of all the premium earned overtime wages they are owed for hours worked over 40 in a workweek upon termination of employment.

### JURISDICTION AND VENUE

13.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

14.     This Court also has supplemental jurisdiction over the state-law subclass claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over Sundt with respect to this action because Sundt employed Enriquez and the other Hourly Plus Employees in Oregon.

16.     Venue is proper because a substantial portion of the events or omissions giving rise to this action occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

17.     Specifically, Sundt employed Enriquez in and around Washington County, Oregon, which is in this District and Division.

## PARTIES

18.     Enriquez worked for Sundt as a Laborer and Carpenter from approximately June 2023 until July 2024 in and around Sherwood, Washington County, Oregon.

19.     Throughout his employment, Sundt paid Enriquez under its hourly plus pay scheme that deprived him of overtime pay at not less than 1.5 times his regular rate of pay – based on all remuneration – for hours worked in excess of 40 a workweek.

20.     Enriquez brings this class and collective action on behalf of himself and other similarly situated hourly employees who were subject to Sundt's hourly plus pay scheme.

21.     Sundt pays each of these employees base hourly rates plus hourly differentials and/or additional cash pay.

22.     The hourly differentials and additional cash pay are paid to Enriquez and the Hourly Plus Employees as wages for time worked.

23.     But Sundt intentionally excludes these employees' hourly differentials and additional cash pay from their regular rates of pay for the purpose of calculating overtime.

24.     Thus, Sundt uniformly deprives these employees of overtime wages at rates not less than 1.5 times their regular rates of pay – based on all remuneration – for hours worked after 40 a workweek, in violation of the FLSA and Oregon law.

25.     The putative FLSA collective of similarly situated employees is defined as:

> **All hourly Sundt employees who were paid "Cash Fringe" during the past 3 years (FLSA Collective Members).**

26.     The putative class of similarly situated employees is defined as:

> **All hourly Sundt employees who were paid "Cash Fringe" in Oregon during the past 3 years (Oregon Class Members).**

27.     The FLSA Collective Members and Oregon Class Members are collectively known as the "Hourly Plus Employees."

28.     Sundt is an Arizona corporation.

29.     Sundt maintains its headquarters in Tempe, Arizona.

30.     Sundt is registered to do business in Oregon.

31.     Sundt can be served with process through its registered agent: **C T Corporation System, 780 Commercial St SE, Ste 100, Salem, Oregon 97301**.

### FLSA COVERAGE

32.     At all relevant times, Sundt was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

33.     At all relevant times, Sundt was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

34.     At all relevant times, Sundt was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, tools, and personal protective equipment – that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

35.     At all relevant times, Sundt has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

36.     At all relevant times, Enriquez and the other Hourly Plus Employees were Sundt's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

37.     At all relevant times, the Hourly Plus Employees were engaged in commerce or in the production of goods for commerce.

38.     Sundt uniformly paid the Hourly Plus Employees under its hourly plus pay scheme.

39.     As a result, Sundt failed to pay Enriquez and the other Hourly Plus Employees at least 1.5 times their regular rates of pay, based on all remuneration, for hours worked after 40 each workweek.

40.     Sundt's hourly plus pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

### FACTS

41.     Sundt bills itself as "committed to being the most skilled builder in America, owned and led by the industry's top construction professionals [serving] clients across the United States."[1]

42.     To meet its business objectives, Sundt employs workers, including Enriquez and the other Hourly Plus Employees, who perform the construction work Sundt markets to its customers.

43.     Sundt pays Enriquez and the other Hourly Plus Employees by the hour.

44.     Enriquez and the other Hourly Plus Employees regularly work more than 40 hours a workweek.

45.     But Sundt does not pay Enriquez and the other Hourly Plus Employees overtime wages at the required overtime rates.

46.     Instead, Sundt pays Enriquez and the other Hourly Plus Employees hourly differentials and additional cash pay that Sundt intentionally excludes from their regular rates of pay for the purpose of calculating overtime pay.

47.     The hourly differential compensation and additional cash pay does not fall under any exclusion for the purpose of calculating Enriquez's and the Hourly Plus Employees' regular rates under the FLSA and Oregon law. *See* 29 U.S.C § 207(e).

48.     The hourly differentials and additional cash pay are not payments made for periods where no work is performed due to vacation, holiday, or illness, or for expenses incurred, or for retirement, life, accident, or health insurance or similar benefits for employees.

---

[1] https://www.sundt.com/purpose-mission-values/ (last visited September 10, 2024).

49.     Instead, these hourly differentials and additional cash pay are paid to Enriquez and the other Hourly Plus Employees as wages for time worked.

50.     While exact job titles and job duties may differ, Enriquez and the other Hourly Plus Employees are subject to the same or similar unlawful pay practice – Sundt's hourly plus pay scheme – for the same or similar work.

51.     For example, Enriquez worked for Sundt in Sherwood, Oregon as a Laborer and Carpenter from approximately June 2023 until July 2024.

52.     Enriquez's primary job duties included setting wall forms, finishing concrete, "shooting grade" to establish elevation with the use of a grade laser, and other construction and building tasks, in accordance with Sundt's (and its clients') specifications.

53.     Throughout his employment, Sundt paid Enriquez under its hourly plus pay scheme.

54.     Throughout his employment, Enriquez regularly worked more than 40 hours a workweek.

55.     Indeed, Enriquez regularly worked 8 to 10 hours a day for 5 to 6 days a week (40 to 60 hours a workweek).

56.     For example, during the workweek ending June 30, 2024, Enriquez worked 53.5 hours:

| Earnings | | | | |
|---|---|---|---|---|
| Description | Hours | Rate | Amount | Year To Date |
| Basepay | 40.00 | 36.710 | 1,468.40 | 30,004.68 |
| Time & Half | 13.50 | 55.065 | 743.39 | 10,428.30 |
| Doubletime | | | | 293.68 |
| Sick Time | | | | 69.42 |
| IMP LTD | | | 4.85 | 29.10 |
| Wellness EE | | | 34.75 | 868.75 |
| Cash Fringe | | | 525.37 | 10,256.99 |

57.     Sundt knew Enriquez worked these hours because Enriquez reported his "on the clock" hours worked to Sundt through the time tracking system Sundt selected and utilized.

58.     Sundt's records reflect the hours Enriquez worked "on the clock" each week.

59.    Despite knowing Enriquez regularly worked overtime, Sundt did not pay him overtime wages at the required premium rate.

60.    Instead, Sundt paid Enriquez under its hourly plus pay scheme.

61.    That is, in addition to his base hourly pay, Sundt also paid Enriquez taxable, hourly differential pay and additional cash compensation that Sundt intentionally excluded from his regular rate of pay when calculating his overtime rate, in violation of the FLSA and Oregon law.

62.    Specifically, Sundt paid Enriquez approximately $36.71 an hour in base hourly pay, plus approximately $9.82 an hour in differential pay and approximately $34.75 in additional cash pay each pay period.

63.    For example, returning to the workweek ending June 30, 2024, Enriquez worked 53.5 hours and Sundt paid him $36.71 an hour in base hourly pay, plus $9.82 an hour[2] in differential pay and $34.75 in additional cash pay:

| Earnings | | | | |
|---|---|---|---|---|
| Description | Hours | Rate | Amount | Year To Date |
| Basepay | 40.00 | 36.710 | 1,468.40 | 30,004.68 |
| Time & Half | 13.50 | 55.065 | 743.39 | 10,428.30 |
| Doubletime | | | | 293.68 |
| Sick Time | | | | 69.42 |
| IMP LTD | | | 4.85 | 29.10 |
| Wellness EE | | | 34.75 | 868.75 |
| Cash Fringe | | | 525.37 | 10,256.99 |

64.    But between his base hourly pay and his hourly differential pay, Enriquez's true hourly regular rate was approximately $46.53 an hour plus and $34.75 in additional cash pay during the pay period.

65.    But Enriquez did not receive overtime compensation based on his true hourly regular rate of $46.53 an hour plus the $34.75 of additional cash pay.

---

[2] $525.37 in total hourly differential pay ÷ 53.5 hours worked = $9.82 an hour in hourly differential pay.

66.    Instead, Sundt paid Enriquez "overtime" of approximately $55.065 an hour (or 1.5 times his base hourly rate of $36.71).

67.    In other words, Sundt failed to pay Enriquez overtime at the required premium rate – based on all remuneration – in violation of the FLSA and Oregon law.

68.    And Sundt's hourly plus pay scheme deprived Enriquez of earned wages – including all earned overtime wages at the required rate, based on all remuneration – he was owed upon termination of his employment with Sundt.

69.    Sundt pays its other Hourly Plus Employees according to the same hourly plus pay scheme it imposed on Enriquez.

70.    Like Enriquez, Sundt pays its other Hourly Plus Employees by the hour.

71.    And like Enriquez, Sundt requires its other Hourly Plus Employees to report their "on the clock" hours worked.

72.    Thus, just as Sundt maintains records of the "on the clock" hours Enriquez worked, it also maintains records of the hours worked by the other Hourly Plus Employees.

73.    Sundt's records show its Hourly Plus Employees regularly work more than 40 hours a workweek.

74.    Every Hourly Plus Employee worked more than 40 hours in at least one workweek during the last 3 years.

75.    Indeed, like Enriquez, the other Hourly Plus Employees typically work 8 to 10 hours a day for 5 to 6 days a week (or 40 to 60 hours a workweek).

76.    Despite knowing its Hourly Plus Employees regularly work overtime, Sundt does not pay them overtime wages at the proper premium rate.

77.    Instead, in addition to their base hourly rates, Sundt also pays its other Hourly Plus Employees, like Enriquez, taxable, hourly differential rates and additional cash compensation that Sundt intentionally excludes from their regular rates of pay for the purpose of calculating overtime.

78.    As a result, Sundt fails to pay Enriquez and its other Hourly Plus Employees overtime wages at rates not less than 1.5 times their regular rates of pay – based on all remuneration – for their hours worked in excess of 40 a workweek in violation of the FLSA and Oregon law.

79.    And, as with Enriquez, Sundt's hourly plus pay scheme deprives other, former Hourly Plus Employees of earned wages – including all earned overtime wages at the required rate, based on all remuneration – they are owed upon termination of employment with Sundt.

### SUNDT'S VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA AND OREGON LAW

80.    Sundt knew it was subject to the FLSA and Oregon law's overtime provisions.

81.    Sundt knew the FLSA and Oregon law required it to pay non-exempt employees, including Enriquez and the other Hourly Plus Employees, overtime wages at rates not less than 1.5 times their regular rates of pay – based on all remuneration – for all hours worked in excess of 40 a workweek.

82.    Sundt knew Oregon law required it to timely pay all earned wages – including overtime wages – upon termination of Enriquez's and other Hourly Plus Employees' employment

83.    Sundt knew Enriquez and each Hourly Plus Employee worked more than 40 hours in at least one workweek during the last 3 years.

84.    Sundt knew Enriquez and the Hourly Plus Employees were its non-exempt employees.

85.    Sundt knew it paid Enriquez and the other Hourly Plus Employees by the hour.

86.    Sundt knew it paid Enriquez and the other Hourly Plus Employees base hourly rates plus taxable, hourly differential pay and additional cash pay.

87.    Sundt knew it included Enriquez's and the other Hourly Plus Employees' differential pay and additional cash pay in their total taxable remuneration earned on each paystub.

88.    Sundt knowingly classified Enriquez's and the other Hourly Plus Employees' differential pay and additional cash pay as wages.

89.    Sundt knew all of Enriquez's and the other Hourly Plus Employees' wages (including their differential pay and additional cash pay) are remuneration for the purpose of calculating overtime under the FLSA and Oregon law.

90.    And Sundt agreed to pay Enriquez and the other Hourly Plus Employees at the overtime rates required by law.

91.    Nonetheless, Sundt intentionally excluded Enriquez's and the other Hourly Plus Employees' differential pay and additional cash pay when calculating their regular rates of pay for overtime purposes.

92.    And Sundt did not timely pay all earned wages to Enriquez and other former Hourly Plus Employees upon termination of their employment.

93.    In other words, Sundt knew, should have known, or recklessly disregarded whether it failed to pay Enriquez and the other Hourly Plus Employees overtime wages at rates not less than 1.5 times their regular rates of pay – based on all remuneration – for their hours worked over 40 a workweek.

94.    Sundt's decision to exclude Enriquez's and the other Hourly Plus Employees' hourly differential pay and additional cash pay from their regular rates of pay for the purpose of calculating their regular rates of pay was neither reasonable, nor was it made in good faith.

95.    Sundt's failure to pay Enriquez and the other Hourly Plus Employees overtime wages at the required premium rates was neither reasonable, nor was its decision not to pay them overtime wages at the required premium rates made in good faith.

96.     Sundt knew, should have known, or recklessly disregarded whether its conduct described in this Complaint violated the FLSA and Oregon law.

97.     Sundt knowingly, willfully, and/or in reckless disregard carried out its illegal hourly plus pay scheme that systematically deprived Enriquez and the other Hourly Plus Employees of required premium overtime wages for all hours worked in excess of 40 a workweek, in violation of the FLSA and Oregon law.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

98.     Enriquez brings his claims on behalf of himself and the other Hourly Plus Employees as a class and collective action.

99.     Enriquez alleges on behalf of himself and the other Hourly Plus Employees that Sundt violated, and is violating, the FLSA and Oregon law by failing to pay these employees overtime wages at the required premium rate for all the hours they work over 40 a workweek.

100.    Like Enriquez, the other Hourly Plus Employees are victimized by Sundt's hourly plus pay scheme.

101.    Other Hourly Plus Employees worked with Enriquez and indicated they were paid in the same manner, performed similar work, and were subject to Sundt's same hourly plus pay scheme.

102.    Based on his experience with Sundt, Enriquez is aware Sundt's hourly plus pay scheme was imposed on the other Hourly Plus Employees.

103.    The Hourly Plus Employees are so numerous that joinder of all members in one lawsuit is impracticable.

104.    The Hourly Plus Employees are similarly situated in the most relevant respects.

105.    Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime pay at the proper rates.

106.    Therefore, the specific job titles or precise locations of the Hourly Plus Employees do not prevent class or collective treatment.

107.    Rather, the Hourly Plus Employees are held together by Sundt's hourly plus pay scheme, which systematically deprives Enriquez and the other Hourly Plus Employees of premium overtime wages – at the required rates – for all hours worked over 40 a workweek.

108.    Sundt's failure to pay these employees overtime wages at the required premium rate for all hours worked over 40 a workweek as required by the FLSA and Oregon law results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Hourly Plus Employees.

109.    Sundt's records reflect the number of hours the Hourly Plus Employees worked "on the clock" each week.

110.    Sundt's records also show it paid the Hourly Plus Employees taxable, hourly differentials and additional cash pay as remuneration.

111.    And Sundt's records show that it excluded the Hourly Plus Employees' hourly differentials and additional cash pay when calculating their regular rates of pay for overtime purposes.

112.    The back wages owed to Enriquez and the other Hourly Plus Employees can therefore be calculated using the same formula applied to the same records.

113.    Even if the issue of damages were somewhat individual in character, damages can be calculated objectively by reference to Sundt's records.

114.    Therefore, the issue of damages does not preclude class and collective treatment.

115.    Enriquez's experiences are therefore typical of the experiences of the other Hourly Plus Employees.

116.    Enriquez has no interest contrary to, or in conflict with, the other Hourly Plus Employees that would prevent class or collective treatment.

117.    Like each Hourly Plus Employee, Enriquez has an interest in obtaining the unpaid wages owed under federal and Oregon law.

118.    Enriquez and his counsel will fairly and adequately protect the interests of the Hourly Plus Employees.

119.    Enriquez retained counsel with significant experience in handling complex class and collective action litigation.

120.    A class and collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

121.    Absent this class and collective action, many Hourly Plus Employees will not obtain redress for their injuries, and Sundt will reap the unjust benefits of violating the FLSA and Oregon law.

122.    Further, even if some of the Hourly Plus Employees could afford individual litigation against Sundt, it would be unduly burdensome to the judicial system.

123.    Indeed, the multiplicity of actions would create a hardship for the Hourly Plus Employees, the Court, and Sundt.

124.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Plus Employees' claims.

125.    The questions of law and fact that are common to each Hourly Plus Employee predominate over any questions affecting solely the individual members.

126.    Among the common questions of law and fact are:

   a.    Did Sundt pay hourly differentials and/or additional cash pay to its Hourly Plus Employees;

   b.    Were the hourly differentials and/or additional cash pay Sundt paid to its Hourly Plus Employees remuneration for work;

c. Did Sundt's failure to include the hourly differentials and/or additional cash pay when calculating its Hourly Plus Employees' regular rates of pay violate the FLSA and/or Oregon;

d. Did Sundt timely pay all earned wages owed to Enriquez and other former Hourly Plus Employees upon termination of employment;

e. Was Sundt's decision not to pay the Hourly Plus Employees overtime wages at the required premium rate made in good faith;

f. Was Sundt's decision not to timely pay the Hourly Plus Employees all earned wages due and owing made in good faith; and

g. Were Sundt's violations willful?

127.    Enriquez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

128.    As part of its regular business practices, Sundt intentionally, willfully, and repeatedly violated the FLSA and Oregon law with respect to Enriquez and the other Hourly Plus Employees.

129.    Enriquez and the other Hourly Plus Employees he seeks to represent have suffered, and will continue to suffer, irreparable damage from Sundt's hourly plus pay scheme.

130.    There are many similarly situated Hourly Plus Employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

131.    The similarly situated Hourly Plus Employees are known to Sundt, are readily identifiable, and can be located through Sundt's business and personnel records.

### FIRST CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

132.    Enriquez brings his FLSA claims as a collective action on behalf of himself and the

other FLSA Collective Members.

133.    Sundt violated, and is violating, the FLSA by employing non-exempt employees (Enriquez and the FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such non-exempt employees overtime wages at rates not less than 1.5 times their regular rates of pay – based on all remuneration – for hours worked in excess of 40 a workweek.

134.    Sundt's unlawful conduct harmed Enriquez and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

135.    Accordingly, Enriquez and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

### SECOND CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME UNDER OREGON LAW
### (OREGON CLASS)

136.    Enriquez brings his Oregon law claim for unpaid overtime on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

137.    At all relevant times, Sundt was an "employer" within the meaning of Oregon wage laws. *See* O.R.S. § 653.010(3).

138.    At all relevant times, Sundt "employed" Enriquez and each Oregon Class Member within the meaning of Oregon wage laws. *See* O.R.S. § 653.010(2).

139.    At all relevant times, Enriquez and each Oregon Class Member were covered "employees" entitled to overtime compensation. *See* O.R.S. § 653.020.

140.    Under ORS § 653.261 and OAR 839-020-0030, employers, like Sundt, are required to pay employees, including Enriquez and the other Oregon Class Members, overtime wages of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 hours a workweek.

141.    Sundt violated, and is violating, Oregon overtime laws by failing to pay Enriquez and

the other Oregon Class Members overtime wages of at least 1.5 times their regular rates of pay – based on all remuneration – for all hours worked in excess of 40 each workweek. *See* O.R.S. § 653.261; O.A.R. 839-020-0030.

142.    Enriquez and the other Oregon Class Members have been harmed as a direct and proximate result of Sundt's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Sundt derived a direct and substantial benefit.

143.    Sundt knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Enriquez and the other Oregon Class Members overtime compensation – based on all remuneration – for all overtime hours worked.

144.    Sundt's failure to pay these employees overtime compensation based on all remuneration for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime compensation for all overtime hours worked made in good faith.

145.    Accordingly, Enriquez and the other Oregon Class Members are entitled to recover their unpaid overtime compensation, civil penalties pursuant to ORS § 652.150, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* O.R.S. §§ 653.055(1) and (4); O.R.S. § 652.200; O.R.S. § 82.010.

### THIRD CLAIM FOR RELIEF

### FAILURE TO TIMELY PAY EARNED WAGES UNDER OREGON LAW
### (OREGON CLASS)

146.    Enriquez brings his Oregon law claim for unpaid earned wages on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

147.    At all relevant times, Sundt was an "employer" within the meaning of Oregon wage laws. *See* ORS § 653.010(3).

148.    At all relevant times, Sundt "employed" Enriquez and each Oregon Class Member within the meaning of Oregon wage laws. *See* O.R.S. § 653.010(2).

149.    At all relevant times, Enriquez and each Oregon Class Member were covered "employees" entitled to overtime compensation. *See* O.R.S. § 653.020.

150.    Sundt was required to pay all earned, but unpaid wages, including overtime compensation based on all remuneration, owed to Enriquez and the other Oregon Class Members whose employment with Sundt has terminated no later than 5 days following termination of their respective employment. *See* O.R.S. § 652.140(2).

151.    Enriquez's employment with Sundt terminated in July 2024.

152.    Sundt has willfully failed to timely pay Enriquez and the other Oregon Class Members who have terminated their employment with Sundt all of the earned wages due and owing to them in violation of ORS 652.140.

153.    Accordingly, Enriquez and the other former Oregon Class Members are entitled to recover their unpaid earned wages, penalties as set forth in ORS 652.150 of thirty (30) times the employee's daily rate of pay, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* O.R.S. §§ 653.055(1) and (4); O.R.S. § 652.200; O.R.S. § 82.010.

### JURY DEMAND

154.    Enriquez demands a trial by jury on all counts.

### RELIEF SOUGHT

Enriquez, individually and on behalf of the other Hourly Plus Employees, seeks the following relief:

a.    An Order allowing this action to proceed as a collective action under the FLSA and directing notice be sent to all the FLSA Collective Members allowing them to join this collective action by filing a written notice of consent;

b.      An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.      An Order appointing Enriquez and his counsel to represent the interests of the Hourly Plus Employees;

d.      An Order pursuant to Section 16(b) of the FLSA finding Sundt liable for unpaid overtime wages due to Enriquez and the FLSA Collective Members, plus liquidated damages in an amount equal to their unpaid wages;

e.      An Order pursuant to Oregon law finding Sundt liable for unpaid overtime wages and earned wages upon termination of employment due to Enriquez and the other Oregon Class Members, as well as all available statutory and civil penalties;

f.      A Judgment awarding Enriquez and the Oregon Class Members all unpaid wages and other damages available under Oregon wage laws;

g.      An Order awarding attorney's fees, costs, and expenses;

h.      Pre- and post-judgment interest at the highest applicable rates; and

i.      Such other and further relief as may be necessary and appropriate.

Dated: September 16, 2024.                    Respectfully submitted,

                                              **BUCHANAN ANGELI ALTSCHUL &
                                              SULLIVAN LLP**

                                              By: /s/ Dana L. Sullivan
                                              Dana L. Sullivan
                                              Oregon Bar No. 944834
                                              921 SW Washington Street, Suite 516
                                              Portland, Oregon 97205
                                              503.974.5015 – Telephone
                                              971.230.0337 – Facsimile
                                              dana@baaslaw.com

                                              Michael A. Josephson*
                                              Andrew W. Dunlap*
                                              **JOSEPHSON DUNLAP LLP**
                                              11 Greenway Plaza, Suite 3050
                                              Houston, Texas 77046
                                              713-352-1100 – Telephone
                                              713-352-3300 – Facsimile
                                              mjosephson@mybackwages.com
                                              adunlap@mybackwages.com

                                              Richard J. (Rex) Burch*
                                              **BRUCKNER BURCH PLLC**
                                              11 Greenway Plaza, Suite 3025
                                              Houston, Texas 77046
                                              713-877-8788 – Telephone
                                              rburch@brucknerburch.com

                                              *Pro hac vice applications forthcoming*

                                              **ATTORNEYS FOR ENRIQUEZ &
                                              THE HOURLY PLUS EMPLOYEES**