Dana L. Sullivan
Oregon Bar No. 944834
**BUCHANAN ANGELI ALTSCHUL &
SULLIVAN LLP**
621 SW Morrison Street, Suite 1250
Portland, Oregon 97205
503.974.5023 – Telephone
971.230.0337 – Facsimile
dana@baaslaw.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
Alyssa J. White
TX Bar No. 24070314
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:     (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:     (713) 877-8065
rburch@brucknerburch.com

*Attorneys for Enriquez and the
Putative Class Members*

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 1

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

# IN THE UNITED STATES DISTRICT COURT

## OF THE STATE OF OREGON

## EUGUENE DIVISION

| | |
|---|---|
| CHRISTIAN ENRIQUEZ, Individually and For Others Similarly Situated<br><br>v.<br><br>SUNDT CONSTRUCTION, INC. | **Case No. 3:24-cv-01569-JR**<br><br>ENRIQUEZ'S RESPONSE IN OPPOSITION TO SUMMARY JUDGMENT |

### 1.  Introduction.

Employers must pay employees overtime "at a rate not less than one and one-half times the regular rate" when they work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1). The "regular rate" for purposes of calculating overtime must include "all remuneration for employment[.]" 29 U.S.C. § 207(e). Sundt didn't do that. Doc. 46 at 2. Instead, Sundt excluded various cash payments (dubbed "cash fringe" and "wellness EE") from Plaintiff's regular rate of pay, which deprived him of overtime compensation in violation of the FLSA. Sundt says its failure is excusable because (1) the Davis Bacon Act (DBA) permits employers to exclude fringe benefits from overtime calculations; (2) Sundt is immune from liability under 29 U.S.C. § 259(a); and (3) Sundt's Wellness Credit is excludable from the regular rate under 29 U.S.C. § 207(e). Not so.

First, the DBA is clear that payments required by another source (such as state law), cannot be "deducted" for the purposes of calculating overtime payments owed under the law. Moreover, the Water Pollution Control Act does not incorporate the DBA as a limit on wages, but rather a floor. Thus, the additional wages paid to Enriquez must be considered in determining the amount of overtime he is owed.

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 2

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Further, despite seeking summary judgment on the issue, Sundt never mentions relevant Ninth Circuit caselaw directly addressing its immunity defense under 29 U.S.C. § 259(a). *See Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005). That's because *Alvarez* confirms an employer's acts "must have been taken in reliance on [an] administrative ruling or interpretation" addressing the disputed issue. *Id.* at 908. So courts reject immunity under § 259 unless an employer proves "actual conformity" with Administrator guidance that "clearly appl[ies] to the employer's circumstances." *Bollinger v. Residential Cap., LLC*, 863 F. Supp. 2d 1041, 1050 (W.D. Wash. 2012). Here, Sundt flunks both requirements. It doesn't point to *any* Administrator-level ruling or interpretation, much less one addressing the specific dispute at hand. *See* Doc. 40 at 23 (citing a contract and DOL training materials). Thus, Sundt cannot meet the heavy burden required for immunity.

Next, Sundt claims (based on Fourth Circuit law) that its payment of cash fringe was rightfully excluded from Enriquez's regular rate of pay. Doc. 46 at 16. But Ninth Circuit precedent holds cash fringe paid directly to an employee must be included in the regular rate of pay. *See Local 246 Utility Workers Union of America v. Southern California Edison Co.*, 83 F.3d 292, 296 (9th Cir. 1996). That makes perfect sense, since the FLSA requires that payments made to an employee be included in the regular rate unless they fall within an enumerated exception. 29 U.S.C. § 207(e). While Sundt asserts the Davis-Bacon Act (DBA) *requires* it to pay the way it did, Sundt fails to prove that. That's because the DBA applies only to the extent incorporated, and on the terms as incorporated.

Finally, Sundt failed to prove its Wellness Credit is properly excluded from Enriquez's regular rate of pay under 29 U.S.C. § 207(e)(2) or 207(e)(4) because it ignores the plain text of the exclusions, which apply only to "payments made for **occasional** periods when no work is performed … or other expenses incurred by an employee in furtherance of his employer's interests" or "contributions irrevocably made by an employer to **a trustee or third person** pursuant to a bona fide plan for

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

providing … health insurance or similar benefits[.]" *See, e.g.*, 29 U.S.C. §§ 207(e)(2), 207(e)(4) (emphasis added). Here, Sundt provided no evidence supporting either exemption, so its arguments fail.

In sum, Sundt failed to meet its burden on any of its claimed exemptions—and certainly failed to prove them as a matter of law. Because material disputes remain regarding Sundt's cash fringe and Wellness Credit, its motion should be denied.

## 2. Statement of Facts.

The FLSA mandates that "all remuneration" must be included in an employee's regular rate of pay for purposes of calculating overtime, unless it falls within an enumerated exception. 29 U.S.C. § 207(e); *Adoma v. Univ. of Phoenix, Inc.*, 779 F. Supp. 2d 1126, 1137 (E.D. Cal. 2011). Sundt's cash fringe and wellness payments are not among the enumerated exceptions under the FLSA. 29 U.S.C. § 207(e). Sundt makes these cash payments directly to Sundt and the FLSA collective members and describes them as a supplemental, hourly rate of pay. Docs. 33-4, 33-9 at ¶ 5, 33-12 at ¶ 5, & 39-2. Despite this fact, Sundt fails to include the cash payments in their regular rates of pay for purposes of calculating overtime premiums when they work more than 40 hours in a week. Doc. 46 at 13. As a result, Sundt deprives Enriquez and the FLSA Collective of overtime at the proper premium rate. 29 U.S.C. § 207(a).

## 3. Legal Standard.

Summary judgment can only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020). When evaluating a motion for summary judgment, the court must view all facts in the non-moving party's favor. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.,* 381 F.3d 948, 957 (9th Cir.2004). On a motion for summary judgment,

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 4

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976).

### 4. The DBA Does Not Preclude Enriquez's FLSA Claims.

The Davis Bacon Act sets wages on U.S. Government projects. *United States v. Binghamton Const. Co.*, 347 U.S. 171, 177 (1954). By default, the DBA applies only to public works projects to which the federal government is a party. 40 U.S.C. § 3142(a). On such federal public works projects, the DBA requires laborers and mechanics be paid the "prevailing wage" for their labor class and location as determined by the Secretary of Labor. 40 U.S.C. § 3142(b).

The DBA does not automatically apply to the Willamette Water Supply Public Works Contract because the federal government is not a party to the agreement. 40 U.S.C. § 3142(a). Instead, Sundt says it was incorporated into the contract after Sundt received a loan subject to the requirements of the Water Infrastructure Finance and Innovation Act ("WIFIA"). Doc. 46 at 3. But statutes incorporating the DBA into the contract don't necessarily do so wholesale. As the DOL explains, the specific language in a Davis Bacon Related Act may affect DBA coverage. *See* Prevailing Wage Resource Book, https://www.dol.gov/agencies/whd/government-contracts/prevailing-wage-resource-book/dbra-coverage. Determining whether DBA provisions apply requires analysis of the Related Act, as its language "may direct broader or narrower coverage than the DBA provides." *Id.* More on that in a bit.

#### A. Even if the DBA Applies, Sundt Violated the FLSA.

Sundt insists the DBA applies as if Sundt had contracted directly with the federal government on a US Government works project. To hear Sundt tell it, that means there are two ways the applicable rate for overtime could be calculated, depending on whether the employee is paid at the DBA's prevailing wage rate, or more than the prevailing wage rate. *See* Doc. 46 at 18-19.

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 5

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Sundt admits Enriquez's rate of pay exceeded the applicable prevailing wage rate under the DBA. *See* Doc. 46 at 5. It did so because state law entitled Enriquez to a higher wage and the payment of benefits. *Id.* Thus, assuming the DBA applies as Sundt contends, only the "second methodology" for overtime calculations could apply. *Id.* at 18-19 (citing 40 U.S.C. § 3142(e)). Under that method, the total amount paid to Enriquez is considered, but Sundt is entitled to subtract "the amount of contributions or costs of the types described in section 3141(2)(B) … actually incurred with respect to the laborer or mechanic or the amount determined under section 3141(2)(B) of this title[.]" 40 U.S.C. § 3142(e) (total pay "minus" the cost of DBA required benefits).

But DBA "fringe" payments only qualify under § 3141(2)(B) if "the contractor or subcontractor is **not** required by other federal, state, or local law to provide any of those benefits[.]" 40 U.S.C. § 3141(2)(B). So while benefits required by the DBA can be subtracted when calculating the appropriate rate for overtime pay, benefits that **are** "required by other … state … law" **cannot.** *Id.* And as Sundt readily admits, state law entitled Enriquez to a greater amount than required by the DBA. *See* Doc. 46 at 5. Thus, Enriquez's overtime must be based on the full amount of his hourly rate and hourly "cash in lieu of fringe" pay he received pursuant to state law.

There's nothing unusual about this circumstance. For example, the FLSA's minimum wage is a mere $7.25. 29 U.S.C. § 206(a)(1)(C). But Oregon law requires a higher rate, with the "standard" rate currently set at $15.05 an hour. *See* https://www.oregon.gov/boli/workers/pages/minimum-wage.aspx. It is clear an employer who pays the higher rate required by state law cannot defend against an overtime claim on the basis the employee earned more than the federal minimum wage plus time and a half for each hour worked. *Cf. Brennan v. Lauderdale Yacht Basin, Inc.*, 493 F.2d 188, 190 (5th Cir. 1974) (fact employee earned more than the equivalent of the FLSA minimum wage plus overtime did not preclude his FLSA overtime claim).

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 6

**B. WIFIA Incorporated the DBA as a Floor, Not a Limit.**

As noted above, the specific language of a Davis Bacon Related Act informs the application of DBA principles. Here, the relevant statutes confirm WIFIA-funded projects "incorporate" the DBA only as necessary to set a floor on wages, not to limit what employers may otherwise owe their employees.

Water treatment works funded by WIFIA are subject to 33 U.S.C. § 1372 of the Federal Water Pollution Control Act. *See* 33 U.S.C. § 3909(h); Doc. 46 at 3. That provision says:

> The Administrator shall take such action as may be necessary to insure that all laborers and mechanics employed by contractors or subcontractors on treatment works for which grants are made under this chapter shall be paid wages at rates **not less than** those prevailing for the same type of work on similar construction in the immediate locality, as determined by the Secretary of Labor, in accordance with sections 3141–3144, 3146, and 3147 of title 40. The Secretary of Labor shall have, with respect to the labor standards specified in this subsection, the authority and functions set forth in Reorganization Plan Numbered 14 of 1950 (15 F.R. 3176) and section 3145 of title 40.

33 U.S.C. § 1372 (emphasis added). Sundt takes this to mean the DBA applies exactly as if this were a public works contract with the federal government. It isn't.

Much like the DBA itself, 33 U.S.C. § 1372 does not confer independent rights upon laborers working on WIFIA-funded projects. Rather, it imposes a duty on the government (and Sundt) to pay laborers "prevailing rates." *See Chan v. City of New York*, 803 F. Supp. 710, 723 (S.D.N.Y. 1992), *aff'd*, 1 F.3d 96 (2d Cir. 1993) (finding 33 U.S.C. § 1372 establishes the government's responsibility to ensure minimum wages are paid); *U.S. for Benefit & on Behalf of Glynn v. Capeletti Bros.*, 621 F.2d 1309, 1314 (5th Cir. 1980) (noting the DBA creates a statutory duty for the government to ensure certain provisions are included in federal contracts). But as "incorporated" in 33 U.S.C. § 1372, Congress merely uses the DBA to set a floor on the wages paid to laborers working on projects funded with federal money.

The statute is clear, 33 U.S.C. § 1372 requires Sundt to pay wages "not less than those" prevailing under the DBA. But the statute does not say what Sundt wants it to say, that paying according the DBA absolves it of liability to its workers for *higher* wages owed to them for other

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 7

reasons. For example, Oregon law requires a higher rate than the "prevailing wage" under the DBA. Doc. 46 at 5. And Sundt paid Enriquez according to the higher wage rate he was entitled to under state law. *Id.* Thus, Sundt knew the DBA (as incorporated) did not place a limit on what it had to pay, it merely created a floor.

The higher rates Sundt actually paid to Enriquez give rise to claims under the FLSA. While Sundt may have complied with its obligations under the Water Pollution Control Act by paying "not less than" the federal prevailing rates, the question here is quite different. Here, the question is whether Sundt must comply with the obligations it owes to its workers independent of any DBA "incorporation." Sundt failed to do so.

## 5. Sundt is Not Entitled to Immunity Under § 259.

Sundt says even if its pay policy was unlawful, it is immune from liability because it relied in good faith on, and acted in conformity with, administrative rulings. Doc. 46 at 21. In support, it offers two DOL PowerPoint presentations which provide general information regarding overtime pay on government contracts and the Davis Bacon Act. Docs. 38-6, 38-7.

To establish a defense under § 259, Sundt must prove its failure to pay proper overtime "was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the [Administrator], or any administrative practice or enforcement policy of [the Administrator] with respect to the class of employers to which [Defendants] belonged." *Bollinger*, 863 F. Supp. 2d at 1050 (quoting 29 U.S.C. § 259(a)). And because immunity is an affirmative defense, Sundt must prove each element of the defense as a matter of law. *EEOC v. Baltimore and Ohio R.R. Co.,* 557 F.Supp. 1112, 1122 (D.Md.1983). Because Sundt can't do that, summary judgment is inappropriate. Further, because good faith has a subjective component and goes to Sundt's mental state, it is inappropriate for summary judgment where Enriquez hasn't yet deposed any Sundt witnesses.

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 8

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

The purpose of Section 259's safe harbor provision is to "protect parties from liability when an agency adopts an interpretation that conflicts with its previous position." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 106 (2015). Thus, to invoke its protection, an employer must "show it acted in (1) good faith, (2) conformity with, and (3) reliance on the DOL's regulations or the Administrator's Opinion Letter." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 907 (9th Cir. 2003), *aff'd*, 546 U.S. 21, (2005) (citing *Frank v. McQuigg*, 950 F.2d 590, 598 (9th Cir.1991)). Section 259 requires "actual conformity" with Administrator guidance.[1] 29 U.S.C. § 790.14(a) ("This is true even though the employer erroneously believes he conformed with it and in good faith relied upon it; *actual conformity* is necessary.") (emphasis added). Consistent with this guidance, courts require employers to show "that the [Administrator guidance] on which it relied provided a clear answer to its particular situation." *Bollinger*, 863 F. Supp. at 1050 (collecting cases). Further, the employer must prove reliance on a written administrative regulation, order, ruling, approval, or interpretation of the DOL's **Administrator** (or, under the DBA, the "Secretary of Labor"). 29 U.S.C. § 259(a)-(b). In this Circuit, that means "the DOL's regulations or the Administrator's Opinion Letter." *Alvarez*, 339 F.3d at 907. But the DOL materials offered by Sundt (1) are not written administrative rulings of the DOL Administrator; and (2) do not "clearly

---

[1] The Administrator illustrated the strict meaning of "actual conformity" with this example:

> [A]n employer receives a letter from the Administrator of the Wage and Hour Division, stating that if certain specified circumstances and facts regarding the work performed by the employer's employees exist, the employees are, in his opinion, exempt from provisions of the Fair Labor Standards Act. One of these hypothetical circumstances upon which the opinion was based does not exist regarding these employees, but the employer, erroneously assuming that this circumstance is irrelevant, relies upon the Administrator's ruling and fails to compensate the employees in accordance with the act. Since he did not act "in conformity" with that opinion, he has no defense under [§ 259].

29 C.F.R. § 790.14(b).

apply" to Sundt's circumstances. Moreover, Sundt cannot prove it acted in strict conformity with a ruling from the DOL's Wage and Hour Administrator (much less the Sectary of Labor).

For example, in *Bollinger*, the defendant sought immunity under § 259(a) after it misclassified underwriters as exempt from the FLSA. *Bollinger*, 863 F. Supp. 2d at 1045. But "[a]n employer cannot act in conformity with Administrator guidance where the guidance does not *clearly apply* to the employer's circumstances." *Id.* at 1050 (emphasis added). Thus, to benefit from § 259's protection, employers must prove "the [Administrator guidance] on which it relied provided a clear answer to its particular situation." *Id.* at 1050 (collecting cases). The defendant cited *Marshall v. Baptist Hospital, Inc.,* 668 F.2d 234 (6th Cir.1981) to suggest plausibility is the exclusive standard for a Section 259 defense. *Id.* at 1051. The *Bollinger* court disagreed finding § 259 asks much more than whether the employer acted "reasonably" and with honest intention. *Id.* at 1051. Rather, the "reasonableness" standard addresses only § 259's good faith prong, not its "conformity" prong, and "it is possible to satisfy the former but not the latter." *Id.* (citing 29 C.F.R. § 790.14(a)). Further, the Court dismissed the defendant's reliance on *Marshall*, stating that its facially broad language "was not meant to apply to every element of a § 259 defense." *Id.* at 1051.

Turning to the legal authorities the defendant relied upon to meet the immunity defense, the court examined each of the defendant's materials and found they failed to meet 259's requirement of "a clear answer" to whether Administrator guidance applies. *Id.* at 1052. First, the court considered a 2006 Administrator opinion letter, which stated mortgage loan officers should be considered exempt. *Id.* at 1052. The court determined that the "partial overlap in duties" between mortgage loan officers and underwriters was insufficient to meet 259's requirement of a "clear answer" to whether Administrator guidance applied, so the defendant did not act in conformity with the opinion letter by concluding its underwriters were exempt. *Id.* Next, the court considered whether regulations and

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 10

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Administrator guidance sufficiently addressed the relevant issue and found the materials relied on by the defendant were "high-level analysis" inapplicable to its underwriters. *Id.* at 1053.

The Ninth Circuit considered good faith immunity under Section 259 in *Alvarez*. 339 F.3d at 907. There, employees at a meat packing plant sued for unpaid wages and overtime for time worked off the clock. *Id.* at 900. The defendant asserted it was immune under § 259 because its position was supported by the DOL's 1990s litigation strategy and because it demonstrated good faith in studying and implementing a compliance plan. *Id.* at 907-908. The Court rejected the immunity defense because § 259 requires an employer's acts to "have been taken in reliance on [an] administrative ruling or interpretation. *Id.* at 908. And "court decisions, agency litigation positions and self-initiated activities are not 'administrative rulings or interpretations.'" *Id.*  Further, the only agency action the defendant relied upon "expressed no opinion" regarding the disputed issue and instead provided the defendant "nothing upon which to rely other than its assumptions[.]" *Id.* Thus, the Ninth Circuit affirmed the district court's decision to reject the defendant's good faith defense. *Id.*

Sundt's reliance on *Nelson v. Alabama Inst. For Deaf & Blind*, 896 F. Supp. 1108, 1113 (N.D. Ala. 1995) is misplaced. In *Nelson*, the plaintiffs brought FLSA claims claiming they were entitled to compensation for sleep time. *Id.* at 1110. The defendant raised § 259's immunity defense, arguing it relied upon a 1981 Opinion Letter and statements made by a DOL Wage and Hour specialist. *Id.* at 1113. The court rejected these arguments because (1) the defendant's compensation plan did not conform with the Opinion Letter, and (2) the Opinion Letter did not specifically address the type of employees at issue. *Id.* at 1113-1114 citing *Cole v. Farm Fresh Poultry, Inc.*, 824 F.2d 923, 928 (11th Cir. 1987) ("the administrative interpretation relied upon must provide a clear answer *to the particular situation* in order for an employer to rely on it"). Further, the court found that the defendant's actions "were not taken pursuant to an *erroneous agency interpretation*, as required by the good faith defense." *Id.* (emphasis in original). Rather, the defendant's actions were taken pursuant to "[defendant's] *erroneous*

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 11

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

*interpretation* of the 1981 Opinion Letter and the regulations." *Id.* (emphasis in original). The court thus concluded that an employer's reliance upon its own incorrect interpretation could not satisfy 529's good faith defense. *Id.* Finally, the defendant's reliance on a meeting with a Wage and Hour specialist was insufficient to satisfy § 529 for at least two reasons. First, the defense "requires reliance be on a *written* administrative statement." *Id.* (emphasis in original). Second, "in the case of the FLSA the Administrator must provide the written administrative interpretation in order to qualify for relief under section 259[.]" *Cole*, 824 F.2d at 930.

*Marshall v. Baptist Hosp., Inc.,* 668 F.2d 234, 235 (6th Cir. 1981) is distinguishable. In *Marshall*, the employer could have relied on two conflicting regulations. *Id.* at 237. The Sixth Circuit held that, in view of the ambiguity created by the existence of two regulations, the employer acted in good faith when it relied on the one specifically tailored to its situation. *Id.* at 238. But *Marshall* "does not speak directly to the meanings of 'in conformity with' and 'in good faith'" prongs of § 259. *Perry v. Randstad Gen. Partner (US) LLC*, 876 F.3d 191, 214 (6th Cir. 2017). Thus, it offers little more than support for the general rule that conformity requires "an administrative opinion that addresses the employer's specific circumstances." *Schneider v. City of Springfield*, 102 F. Supp. 2d 827, 833 (S.D. Ohio 1999).

*Spells v. Physician & Tactical Healthcare Servs., LLC*, doesn't help Sundt's position either. 615 F. Supp. 3d 230, 246 (D.N.J. 2022). In *Spells*, the plaintiff sued for violations of the Families First Coronavirus Response Act (FFCRA) and the FLSA, alleging the defendant denied him paid leave in accordance with the FFCRA when he developed symptoms possibly related to COVID-19. *Id.* at 239-240. There, the court found § 259's protections appropriate based on the DOL's evolving positions relating to the FFCRA. *Id.* at 248. Congress enacted the FFRCA in March 2020 in response to the COVID-19 pandemic. *Id.* at 241. Relevant in *Spells*, the FFRCA required employers to provide paid sick leave to employees with COVID-19-related conditions. *Id.* However, it contained an exemption that permitted employers to deny leave to employees if they were "health care providers." *Id.* Under

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 12

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

the law as written, the defendant originally believed its employees were not exempt from the FFRCA's paid leave requirement. *Id.* at 242. However, on April 1, 2020, the day before the paid leave requirement was to take effect, the DOL promulgated a formal rule which expanded the scope of coverage for the "health care providers" exemption in the FFCRA. *Id.* The next day, the defendant learned of the DOL's Rule and concluded its employees were exempt. *Id.* at 243.

Four months later, however, the Southern District of New York vacated portions of the DOL's April rule, including the portions expanding the "health care provider" exemption. *Id.* at 244; *see also New York v. United States Dep't of Lab.*, 477 F. Supp. 3d 1, 7 (S.D.N.Y. 2020). Following the ruling, the DOL issued a revised rule narrowing the definition of "health care provider." *Id.* at 244. Based on the new rule, the defendant changed its paid sick leave policy to treat the workers as non-exempt. *Id.* at 244. The court held the defendant was entitled to immunity under § 259 because its changing policies were implemented in reliance on the DOL's changing guidance and the employer acted in conformity with the DOL's rules as they were issued. *Id.* at 249.

Here, Sundt failed to prove it acted in acted in conformity with an "administrative ruling or interpretation" as required under Section 259. *Alvarez v. IBP, Inc.* 339 F.3d at 908. First, Sundt does not identify either "the DOL's regulations or the Administrator's Opinion Letter" as the materials it relied upon. *Alvarez*, 339 F.3d at 907. Further, the materials Sundt does identify contain express disclaimers:

> ❖ **This presentation is intended as general information only and does not carry the force of legal opinion.**

Doc. 38-6 at 29; Doc. 38-7 at 28. Moreover, the PowerPoint presentations offered by Sundt do not address the specific dispute at issue here—although they make clear such a dispute may arise:

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 13

> Note: In some cases, a question arises over whether a cash payment made to a laborer or mechanic is paid in lieu of a fringe benefit contribution or whether it is simply part of the individual's normal basic hourly rate. In the latter situation, the cash payment is not excludable in computing the overtime pay obligation.

Doc. 38-6 at 19; *see also Ketchum v. City of Vallejo*, 523 F. Supp. 2d 1150, 1159 (E.D. Cal. 2007), modified on reconsideration, No. CIV. S051098RRBJFM, 2007 WL 4356137 (E.D. Cal. Dec. 11, 2007) (finding genuine issue of material fact existed as to whether defendant acted in conformity with DOL opinion letter that was silent as to the specific issue at hand).

At bottom, Sundt failed to prove it is entitled to good faith immunity under 29 U.S.C. § 259(a). And at the very least, it failed to prove it as a matter of law. Sundt's motion for summary judgment should be denied.

## 6.  Sundt Failed to Establish the "Wellness EE" Payment Falls Within §207(e).

An employer must generally pay at least "one and one-half times" an employee's "regular rate" for hours after 40 in a week. 29 U.S.C. § 207(a)(1). The FLSA defines "regular rate" to "include **all remuneration** for employment paid to, or on behalf of, the employee," subject to certain exclusions set forth in 29 U.S.C. § 207(e). All remuneration not expressly excluded must be included when calculating the regular rate. 29 C.F.R. § 778.200 ("It is important to determine the scope of these exclusions, since all remuneration for employment paid to employees which does not fall within one of these [eight] exclusionary clauses must be added into the total compensation received by the employee before his regular hourly rate of pay is determined."). Whether compensation is part of the regular rate "is a highly fact-intensive question that focuses narrowly on the specific operation of the program at issue[.]" *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 979 & n. 11 (8th Cir. 2006).

As the employer claiming an exemption applies, Sundt bears the burden of establishing its Wellness Credits qualify for an exemption from the regular rate of pay. *Clarke v. AMN Servs., LLC*, 987 F.3d 848, 853 (9th Cir. 2021). Thus, Sundt must prove—as a matter of law—its Wellness Credit

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 14

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

falls within one of the exclusionary clauses of § 207(e). But Sundt offers **no** evidence establishing its Wellness Credit may be excluded from Enriquez's regular rate.

To be sure, Sundt says its Wellness Payment is properly excluded under 29 U.S.C. § 207(e)(2). But that's because Sundt pretends it permits an exclusion for any "payments to an employee which are not made for his hours of employment." Doc. 46 at 24. But the actual language of § 207(e)(2) is far more limited, only permitting the exclusion of:

> "[P]ayments made for **occasional** periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other **expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable** by the employer; and **other similar payments** to an employee which are not made as compensation for his hours of employment[.]"

29 U.S.C. § 207(e)(2). The FLSA is clear: the "'regular rate … include[s] all remuneration for employment paid to, or on behalf of, the employee' unless it falls under one of eight exceptions." *Senne v. Kansas City Royals Baseball Corp.*, 591 F. Supp. 3d 453, 582 (N.D. Cal. 2022) (quoting 29 U.S.C. § 207(e)). Sundt's Wellness Payment does not fall under an enumerated exception, so it cannot be excluded from the regular rate.

Nonetheless, Sundt contends the Wellness Credit may be properly excluded because it was "not contingent upon his hours worked, services rendered, job performance, or any other criteria that depended on the quality or quantity of Plaintiff's work." Doc. 46 at 25. However, the Ninth Circuit already determined that "payments that 'are not measured by the number of hours spent at work' are not automatically excludable" under § 207(e)(2)'s "other similar payments" clause. *Flores v. City of San Gabriel*, 824 F.3d 890, 899 (9th Cir. 2016). Instead, courts analyze whether the payments are similar to payments for non-working time as contemplated by § 207(e)(2). *See Balestrieri v. Menlo Park Fire Prot. Dist.*, 800 F.3d 1094, 1103–04 (9th Cir. 2015) (leave buyback payments); *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 909 (9th Cir. 2004) (lunch periods); *see also Callahan v. City of Sanger*, No. 14-CV-600-

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 15

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

BAM, 2015 WL 2455419 (E.D. Cal. May 22, 2015) (health benefit reimbursement plan was not excluded under § 207(e)(2)). Here, there is a material dispute as to whether Sundt's Wellness Credit falls within § 207(e)(2)'s exemption for "occasional periods when no work is performed[.]"

Sundt's interpretation 29 U.S.C. § 207(e)(4) is even more abusive. Doc. 46 at 24. Section 207(e)(4) limits the exclusion from the regular rate to "contributions irrevocably made *by an employer to a trustee or third person pursuant to a bona fide plan* for providing … health insurance or similar benefits[.]" 29 U.S.C. § 207(e)(4). Based on the statute's plain language, an employer's contribution to health benefits must be included in the regular rate **unless** it is paid to a "trustee or third person[.]" 29 U.S.C. § 207(e)(4). But, like here, when an employer makes health benefit payments directly to its employees, the payments must be included in regular rate calculations. *See, e.g., Flores v. City of San Gabriel*, 969 F. Supp. 2d 1158, 1173 (C.D. Cal. 2013), aff'd in relevant part, 824 F.3d 890 (9th Cir. 2016) ("Therefore, Defendant's cash payments to Plaintiffs made in lieu of benefits are not excluded under the plain language of section 207(e)(4) and must be included in the calculation of the regular rate.").[2]

Sundt has not offered any evidence to demonstrate an exclusion applied to these additional wages. But it cannot be disputed Sundt paid its "Wellness Credit" directly to Enriquez instead of a trustee or third person pursuant to a bona fide plan. *See* Doc. 39-2, Enriquez's Pay Stubs; 29 U.S.C. §

---

[2] *Accord, Local 246 Utility. Workers Union*, 83 F.3d at 296 ("The law is clear on this point: the health and welfare wage paid by [the employer] directly to its employees, absent some other exception, must be included in the regular rate for overtime calculations under the FLSA."); *Gilbertson v. City of Sheboygan*, 165 F. Supp. 3d 742, 750 (E.D. Wis. 2016) (granting summary judgment for plaintiffs where employer paid health benefits directly to employees and received reimbursement from the city); *Callahan v. City of Sanger*, No. 14-CV-600-BAM, 2015 WL 2455419, at *9 (E.D. Cal. May 22, 2015) (finding health benefits not excluded from regular rate of pay under § 207(e)(2) or (4)); *Adoma v. Univ. of Phoenix, Inc.*, 779 F. Supp. 2d 1126, 1139 (E.D. Cal. 2011) ("Defendants also argue that the tuition benefit should be excludable because it is similar to a health insurance benefit, which is excludable from the regular rate of pay. While the tuition benefit may be similar to the health insurance benefit, any such similarities actually weigh in favor of inclusion of the tuition benefit in the regular rate of pay."); *Garcia v. R. J. B. Properties, Inc.,* No. 06 C 4994, 2008 WL 11516337, at *1 (N.D. Ill. Apr. 15, 2008) ("In this case, the health insurance allowance is paid directly to the employees. Such payments must be included in the regular rate of pay for purposes of calculating overtime compensation.").

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 16

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

207(e)(4). That alone is sufficient to dispose of Sundt's claim that the payments were properly excluded from Enriquez's regular rate.

**7. Conclusion.**

For these reasons, Enriquez respectfully requests the Court deny Sundt's motion for summary judgment.


Dated: October 31, 2025.                                    Respectfully submitted,


By: */s/ Alyssa J. White*
Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap
TX Bar No. 24078444
Alyssa J. White
TX Bar No. 24073014
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:    (713) 877-8065
rburch@brucknerburch.com
*Pro hac vice applications forthcoming*

Dana L. Sullivan
Oregon Bar No. 944834
**BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP**
921 SW Washington Street, Suite 516
Portland, Oregon 97205
503.974.5015 – Telephone

RESPONSE IN OPPOSITION TO SUNDT'S
MOTION FOR SUMMARY JUDGMENT - 17

971.230.0337 – Facsimile
dana@baaslaw.com

**ATTORNEYS FOR ENRIQUEZ AND THE PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

Dated: October 31, 2025                    By: _/s/ Alyssa J. White_
                                                Alyssa J. White

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100