Dana L. Sullivan
Oregon Bar No. 944834
**BUCHANAN ANGELI ALTSCHUL &
SULLIVAN LLP**
621 SW Morrison Street, Suite 1250
Portland, Oregon 97205
503.974.5023 – Telephone
971.230.0337 – Facsimile
dana@baaslaw.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
Alyssa J. White
TX Bar No. 24070314
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:     (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:     (713) 877-8065
rburch@brucknerburch.com

*Attorneys for Enriquez and the
Putative Class Members*

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 1

**IN THE UNITED STATES DISTRICT COURT**

**OF THE STATE OF OREGON**

**EUGUENE DIVISION**

| | |
|---|---|
| CHRISTIAN ENRIQUEZ, Individually and For Others Similarly Situated<br><br>v.<br><br>SUNDT CONSTRUCTION, INC. | **Case No. 3:24-cv-01569-JR**<br><br>ENRIQUEZ'S RESPONSE IN OPPOSITION TO MOTION TO STAY |

**1.  Introduction.**

"The Ninth Circuit has … urged district courts to be cautious about issuing stays in FLSA litigation 'in view of the urgent nature of the statutory right to minimum compensation provided by the Fair Labor Standards Act and the strong congressional policy favoring prompt payment of wages.'" *Stoddard v. Disc. Tire Co. Inc.*, No. CV-23-08114-PCT-DWL, 2023 WL 6520009, at *3 (D. Ariz. Sept. 21, 2023) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). Sundt nonetheless requests the extraordinary remedy of a complete stay.

In "support," Sundt raises an argument that could be raised in every FLSA collective action in America right now: The Supreme Court might grant certiorari in some cases that might impact how collective actions proceed. But "a stay will prejudice [Enriquez] because []he has an interest in having [his] case resolved quickly and the 'risk of loss of evidence and delaying a plaintiff's day in court' constitutes prejudice[.]" *Solis v. Am. Airlines, Inc.*, No. CV1910181PSGAFMX, 2020 WL 5027997, at *4 (C.D. Cal. June 17, 2020). Thus, numerous "courts have held that plaintiffs bringing FLSA actions may face prejudice from the granting of a stay." *Id.* (collecting cases).

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

## 2.  Stays are Disfavored and Sundt Didn't Meet its Burden.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). It is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433 "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

Generally, "a stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time[.]" *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (noting "the urgent nature of the statutory right to minimum compensation provided by the Fair Labor Standards Act and the strong congressional policy favoring prompt payment of wages"); *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007) (reversing district court's grant of a stay "in light of the general policy favoring stays of short, or at least reasonable, duration" where district court issued a stay without any indication that it would last only for a reasonable time). If a stay is especially long or its term is indefinite," the Court "require[s] a greater showing to justify it."  *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). "[I]f there is even a fair possibility that the stay ... will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The Supreme Court has held that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. 248, 255 (1936).

Unsurprisingly, courts in this Circuit regularly deny requests to delay proceedings pending the outcome in other cases pending appeal. *See, e.g.*, *Nevin v. City of Ontario*, No. CV16-1273 PSG (KKX), 2017 WL 11635797, at *3 (C.D. Cal. Jan. 27, 2017) (denying motion to stay pending petition for writ of certiorari); *Canava v. Rail Delivery Serv. Inc*, No. 5:19-CV-00401-SB-KK, 2021 WL 4907227, at *13

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 3

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

(C.D. Cal. Aug. 8, 2021) (same); *cf. Allison v. Dolich*, No. 3:14-CV-1005-AC, 2017 WL 7052909, at *3 (D. Or. June 21, 2017) (denying stay where certiorari petition had not been filed and it was unknown whether the Supreme Court would grant certiorari). Nonetheless, Sundt asks to stay this entire case pending the *possibility* that the Supreme Court will grant certiorari in *Eli Lilly* and/or *Cracker Barrel*. Doc. 52 at 2. Respectfully, doing so would not "promote the orderly course of justice and judicial efficiency." Doc. 53 at 3.

### 3.  A Stay Pending *Eli Lilly* and/or *Cracker Barrel* is Inappropriate.

Sundt says the Court should stay this case because—assuming the petitions are even granted—the Supreme Court could provide "perhaps dispositive, guidance to the parties[.]" Doc. 52 at 2-3. But that argument can be made in any pending FLSA collective action. If that generic argument justifies a stay, it would justify a stay in hundreds of cases all across America. This would grind efforts to recover unpaid FLSA wages through private litigation to a complete halt. That's the opposite of what Congress and the Ninth Circuit had in mind. *Leyva*, 593 F.2d at 864; *Stoddard*, 2023 WL 6520009, at *3.

Moreover—and, again, assuming certiorari is granted—neither *Eli Lilly* nor *Cracker Barrel* will be dispositive of the claims here. Instead, both cases dealt with procedural issues related to judicial notice.[1] At this point, the Supreme Court has not granted either petition and, statistically, the most likely outcome is that the Supreme Court will not grant certiorari. But regardless of the outcome, all

---

[1] Both the *Eli Lilly* and *Cracker Barrel* petitions are still simply requests for permission to appeal further. *See Eli Lilly & Co. v. Richards*, No. 25-476 (U.S. filed Oct. 15, 2025); *Cracker Barrel Old Country Store, Inc. v. Harrington*, No. 25-___ (U.S. filed Nov. 5, 2025). The *Eli Lilly* petition arises out of the Seventh Circuit and asks the Supreme Court to overrule *Hoffmann-La Roche Inc. v. Sperling*, which held district courts may implement 29 U.S. § 216(b) to facilitate notice to potential plaintiffs. 493 U.S. 165, 165 (1989). Alternatively, *Eli Lilly* seeks clarification on the standard by which courts may authorize and facilitate notice. The *Cracker Barrel* petition arises out of the Ninth Circuit and similarly seeks "clarification" on the standard required to authorize notice. Both *Eli Lilly* and *Cracker Barrel* endorse the Fifth Circuit's approach to court-authorized notice, as set forth in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021).

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 4

roads lead to this case moving forward with discovery and the addition of plaintiffs. At the **very least**, Enriquez and the existing opt-ins will proceed before this Court.

### A.  The Supreme Court Will Likely Deny Both Petitions.

Sundt cannot meet its heightened standard to justify a stay. To begin, the Supreme Court rarely grants certiorari. *Waithaka v. Amazon.com, Inc.*, No. C19-01320-RSM, 2020 WL 7028945, at *3 (W.D. Wash. Nov. 30, 2020). In fact, the Court accepts between 100-150 of the more than 7,000 cases that it is asked to review each year—that is, between a 1.4% and 2.1% acceptance rate.[2] Nonetheless, Sundt boldly claims *both* petitions are likely to be granted and a stay would prejudice neither party. Doc. 52 at 7, 11-12. Sundt is wrong on both counts.

Because certiorari is rarely granted, the most likely outcome is that the **only** result of a stay would be delay. And there's no telling how long such a stay would last: Sundt requests a stay "until the Supreme Court decides whether to grant one or both of the Petitions[.]" Doc. 52 at 4. But if either petition is granted, Sundt seeks a further stay "until such time the Supreme Court rules on the question or questions for which it has granted certiorari." *Id.* Sundt claims this undetermined delay would not prejudice Enriquez or the potential plaintiffs because it consents to tolling of the FLSA limitations period. *Id.* at 12. While tolling the statute of limitations would certainly *reduce* the prejudice to the potential plaintiffs (and if the Court chooses to stay this matter, tolling would be appropriate to preserve their claims), it cannot eliminate it.

The longer a stay persists and Enriquez is denied discovery regarding potential plaintiffs, the more likely it is that Enriquez will be deprived of relevant witnesses and evidence. Courts have recognized that civil plaintiffs have an interest in having their cases resolved quickly. *Wind v. California*, No. 1:25-CV-00266-JLT-HBK (PC), 2025 WL 2709529, at *2 (E.D. Cal. Sept. 23, 2025). Further,

---

[2]    https://www.uscourts.gov/about-federal-courts/educational-resources/about-educational-outreach/activity-resources/supreme-court-procedures (last visited December 4, 2025).

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 5

"[c]ourts generally find a plaintiff's interest in expeditious resolution prejudiced when a stay will cause a lengthy or indefinite delay." *Carter-Mixon v. City of Tacoma*, No. 3:21-CV-05692-LK, 2024 WL 1988141, at *3 (W.D. Wash. May 6, 2024). And again, this is particularly true in cases seeking unpaid wages under remedial statutes like the FLSA. *Leyva*, 593 F.2d at 864 (noting the "urgent nature" of FLSA claims); *Stoddard*, 2023 WL 6520009, at *3 (same).

Here, each potential plaintiff has relevant facts regarding their employment with Sundt and the pay policies at issue in this lawsuit. Should this case be stayed, Enriquez faces the risk of losing that evidence due to collective members moving, changing contact information, or becoming unreachable. *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) (delaying trial increases "the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, and the possible death of a party"); *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a plaintiff effectively out of court" and "inherently increase[ ] the risk that witnesses' memories will fade and evidence will become stale" (citations omitted)). And that's not to mention the prejudice to potential plaintiffs, who may not be reachable after a stay and will effectively lose their wages forever. *Solis*, 2020 WL 5027997, at *4. If the Supreme Court grants one or both petitions, they would have to be briefed, set for oral argument, and then decided by the Court. During which time Enriquez bears the risk of losing evidence and the potential plaintiffs risk their ability to bring their claims at all.

Sundt concedes it would not be subject to hardship or inequity by having to defend this lawsuit absent a stay. Doc. 52 at 14; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (Being required to defend a suit, without more, does not constitute a "clear case of hardship or inequity" within the meaning of *Landis*). Instead, it claims it would be prejudiced if were forced to litigate against a collective that proves to be improvidently certified. Doc. 52 at 14. Specifically, Sundt complains that engaging in discovery relating to the potential plaintiffs will be costly, time-consuming, and potentially

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 6

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

unnecessary depending on the Supreme Court's determination with respect to the petitions. Doc. 52 at 15.

**But that argument could be made in any pending FLSA collective action anywhere**. Bringing all this litigation to a screeching halt because there is a chance the Supreme Court might change the manner in which workers learn about their right to unpaid overtime makes no sense. That's particularly true since Enriquez is entitled to discovery regardless of the outcome of the *Eli Lilly* and *Cracker Barrel* petitions.

### B. Regardless of What Happens, Discovery Will Still be Permitted.

Sundt says without a stay, it would be subject to unnecessary discovery before the Supreme Court determines whether this Court has the authority to facilitate notice. Doc. 52 at 3, 15. But even if the Supreme Court decides to grant certiorari *and* overrules *Hoffman-La Roche*, Enriquez would still be entitled to discovery. The only change would be the *manner* in which notice is distributed.

In *Hoffmann-La Roche*, the Supreme Court affirmed a ruling to facilitate notice so that potential plaintiffs would not be limited to "only those victims who are already known to their champion" or those "fortunate enough to hear and heed 'the vagaries of rumor and gossip.'" *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 403 (D.N.J.), *aff'd in part, appeal dismissed in part sub nom. Sperling v. Hoffman-La Roche Inc.*, 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded sub nom. Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). The Supreme Court concluded "trial court involvement in the notice process is inevitable," so district courts can get involved "at the point of the initial notice, rather than at some later time." *Hoffmann-La Roche*, 493 U.S. at 172. By monitoring preparation and distribution of notice, courts can "ensure that it is timely, accurate, and informative." *Id.*

If the Supreme Court decides to revisit and overrule *Hoffman La Roche*, the only change would be to eliminate the court's role in facilitating notice. Notice itself would not be eliminated; it would merely lose the guardrails imposed by the court. Neither *Eli Lilly* nor *Cracker Barrel* will change

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 7

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

discovery on Sundt's pay policies or the putative class members; Enriquez will still be entitled to information and documents relating to how Sundt paid overtime to its employees. Further, he will still be entitled to discovery regarding potential plaintiffs because they possess relevant facts relating to this lawsuit. *See Hoffmann-La Roche*, 493 U.S. at 168 (noting the trial court was correct to order the defendant to produce the names and addresses of potential plaintiffs). So even if *Hoffman La Roche* were overruled, discovery would continue.

### C. If the Supreme Court Grants Certiorari and Adopts *Swales*, Discovery Will Proceed.

Let's again assume the Supreme Court grants certiorari and, as both petitioners request, adopts the Fifth Circuit's heightened standard for notice. That would weigh in favor of **continuing** litigation and discovery, not halting it.

In *Swales*, the Fifth Circuit rejected the "*Lusardi* test" for court-authorized notice in favor of its own, unique[3] legal standard. *Swales*, 985 F.3d at 434, 439; *see generally Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Under this standard, the Fifth Circuit requires district courts to "rigorously scrutinize" the universe of similarly situated workers "from the outset of the case" to ensure notice is limited to those "actually similar to the named plaintiffs." *Swales*, 985 F.3d at 434. As part of this process, courts "should authorize preliminary discovery" relevant to the similarly situated inquiry. *Id.* at 441.

Courts applying *Swales* frequently order pre-notice discovery regarding potential plaintiffs to assist with the "similarly situated" inquiry. *See, e.g., Lorenzo v. ZF Collective, LLC*, No. 4:24-CV-3881, 2025 WL 2899230, at *4 (S.D. Tex. Oct. 10, 2025) (ordering defendant to produce potential plaintiffs' names, job titles, dates of employments, geographic locations, facility names); *Garcia v. WHC, LLC*, No. 7:20-CV-00331, 2021 WL 12348571, at *7 (S.D. Tex. Sept. 16, 2021) (ordering production of

---

[3] No Circuit Court has adopted *Swales*, and at least two have rejected it. *Richards v. Eli Lilly & Co.*, 149 F.4th 901, 911 (7th Cir. 2025) (expressly rejecting *Swales* and noting the Sixth Circuit declined to adopt *Swales*).

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 8

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

potential plaintiffs' names and employee IDs); *Paschal v. Perry's Restaurants Ltd*, No. 1:22-CV-00027-RP, 2022 WL 17365273, at *5 (W.D. Tex. Nov. 30, 2022) (ordering defendant to fully respond to all discovery requests without objection, including those pertaining to potential plaintiffs). So even if the Supreme Court grants certiorari and agrees with the standard Sundt prefers, Enriquez is entitled to discovery regarding the potential plaintiffs. Staying all progress in this matter simply doesn't make sense when the ultimate outcome won't change.

The most likely scenario here is that the Supreme Court denies certiorari. But even if it does not, the outcome won't change: Enriquez will be entitled to discovery and notice will occur (court-authorized or not). This case should not be stayed.

## 4.   Conclusion.

As set forth herein, Sundt's Motion should be denied.

Dated: December 5, 2025.

Respectfully submitted,

**JOSEPHSON DUNLAP, LLP**

By: */s/ Alyssa J. White*
    Michael A. Josephson*
    Andrew W. Dunlap
    Alyssa J. White
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Dana L. Sullivan
Oregon Bar No. 944834
**BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP**
921 SW Washington Street, Suite 516
Portland, Oregon 97205
503.974.5015 – Telephone
971.230.0337 – Facsimile
dana@baaslaw.com

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 9

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Richard J. (Rex) Burch*
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax:    (713) 877-8065
rburch@brucknerburch.com
*Pro hac vice applications forthcoming*

**ATTORNEYS FOR ENRIQUEZ AND THE PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

Dated: December 5, 2025                    By: */s/ Alyssa J. White*
                                              Alyssa J. White

RESPONSE IN OPPOSITION TO
SUNDT'S MOTION TO STAY - 10

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100